FORBES, Petitioner, v. COUNTY OF EL DORADO, and
THOMAS HARDIE, A. A. BAYLEY, and SETH
LOVELESS, Constituting THE BOARD OF SUPER-
VISORS of Said County, and THOMAS HARDIE,
Chairman of the BOARD OF SUPERVISORS of Said
County, E. W. WITMER, Auditor, and GEORGE
BURNHAM, Treasurer of the County of El Dorado,
Constituting Ex Officio THE BOARD OF RAILROAD
COMMISSIONERS of Said County, Respondents.

No. 8705; November 16, 1883.

**Pleading—Verifications—Execution of Assignments.**—Section
447 of the Code of Civil Procedure, in relation to pleadings, does not
make invalid an unverified answer denying the genuineness and due
execution of an assignment, but rather of an instrument that may be
assigned.

**Pleading—Verification—Execution of Assignment.**—Under sec-
tion 447 of the Code of Civil Procedure it is not essential that a
defendant swear to his denial of the genuineness and due execution
of the assignment of an instrument, when the complaint contains no
copy of the instrument and the assignment.

**Pleading.—A Denial on Information and Belief is not Good**
when the reference is to matters of which the defendant must have
knowledge, but the court cannot assume a knowledge on the part of
the defendant that at the time of the institution of the action the
plaintiff was owner of the instrument sued upon.[1]

McKINSTRY, J.—This is an original proceeding in the
supreme court, and the plaintiff has moved for judgment upon
the complaint and answer.

The petition avers that the petitioner is the "owner and
holder" of certain railroad bonds "issued under the act of
March 28, 1863, with the coupons attached, assigned to him by
an indorsement printed and written on the back of said bonds,
signed by the president and secretary of the railroad com-
pany." To this the answer is: "To the allegation [reciting
it] said respondent, answering, says that it [the board of
supervisors] has no information or belief on the subject suffi-

---

[1] Cited in Pryce v. Jordan, 69 Cal. 572, 11 Pac. 185, by Ross, J.,
dissenting from the majority opinion that a plaintiff might be pre-
sumed to be owner of the note sued upon.

cient to enable it to answer said allegation, and therefore on that ground denies that the said bonds or any of them were assigned to said petitioner, or that he was, at the commencement of this action, the owner or holder of them or any of them.''

It is contended by petitioner that the genuineness and due execution of the assignment can be denied only by verified answer: Code Civ. Proc., sec. 447. To this there are two replies: First, a copy of the assignment is not set forth in the complaint, nor are copies of the bonds; second, section 447 of the Code of Civil Procedure does not relate to assignments, but to instruments which may be assigned. Whatever the effect of the payment of interest to plaintiff, as evidence, the allegations in the petition of such payments, undenied, did not relieve the plaintiff of the necessity of averring that he was the owner and holder of the bonds. It is further urged by counsel for petitioner that there is no denial because the answer does not in express terms deny that an indorsement to him, printed and written on the bonds, was signed by the president and secretary of the railroad company. But the answer avers that the respondent has no information or belief as to such indorsement or signatures, or that plaintiff is the owner or holder of any of the bonds, and denies, therefore, that any of the said bonds were assigned to the petitioner, or that he is the owner or holder of any of them.

The last clause of section 6 of the act of 1863 provides that the bonds delivered to the railroad company may be transferred ''by said company'' by written or printed transfer upon the back thereof, signed by the president and secretary, etc. Unless the word ''assigned'' is the equivalent of ''transferred,'' the petitioner does not allege that the bonds were transferred to him by written and printed transfer. But, assuming the words to mean the same thing, the complaint would have been sufficient if it had alleged that the bonds were assigned by the railroad company. The legal implication would be that they were assigned in the only way that they could be assigned under the statute. The pleadable fact is the assignment and the assignment is denied. Moreover, the statute only limits the mode of assignment by the railroad company. After they were indorsed by the company they could pass from hand to hand by simple delivery, in accord-

ance with a custom recognized by many adjudications relative to such instruments. Hence the plaintiff added that he was the owner and holder when the suit was commenced. The allegation that the bonds were assigned to him by the railroad company would not have been sufficient. It would show that he was once the owner, but the rule that a status or condition which existed in the past is presumed to continue is a rule of evidence, not of pleading. It would not appear but that he had sold and delivered the bonds to a third person. The petitioner very properly added, therefore, that when he applied for the writ of mandate he continued to be the owner and holder of the bonds under the assignment. This last averment is distinctly denied by the answer.

It has been held that where the fact alleged is one whose existence or nonexistence must be known to a party a denial for want of information or belief is not good. But we cannot assume that the defendant must have known that plaintiff was the owner and holder of any bonds when the present proceedings were instituted.

It is not necessary to examine the pleadings further. If plaintiff was not the legal owner of the bonds when the writ was applied for he is not entitled to the mandate.

The plaintiff's motion for judgment on the pleadings is denied.

[We concur: Ross, J.; McKee, J.